IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | | |
|---|---|---|---|
| LAURA H.G. O'SULLIVAN ET AL. | * | | |
| Plaintiffs | * | | |
| v. | * | Civil No. | **PJM 17-3661** |
| CYNTHIA L. ANDERSON | * | | |
| Defendant. | * | | |

**MEMORANDUM OPINION**

*Pro se* Defendant Cynthia Anderson has removed to this Court from the Prince George's County Circuit Court the case of *O'Sullivan v. Anderson*, CAEF13-33564. Ms. Anderson appears to be contesting the foreclosure by Plaintiff trustees of a property located at 10016 Erion Court, Maryland, 20721.

An independent review of state court documents reveals that there are two actions in Prince George's County that relate to the underlying foreclosure. The first is *O'Sullivan v. Anderson*, CAEF13-33564, the docket of which indicates that foreclosure was initiated in the Circuit Court for Prince George's County on November 8, 2013. *See* Docket No. 1, CAEF13-33564. On June 11, 2014, a sale of the property was reported. Docket No. 20, CAEF13-33564. However, on October 31, 2014, Circuit Court Judge Clarke struck the Report of Sale and stayed the action pending a bankruptcy proceeding filed by Ms. Anderson. Docket No. 26, CAEF13-33564. On April 10, 2017, a voluntary dismissal of the case was entered and the case was dismissed. Docket No. 36, CAEF13-33564.

A second state court action was begun on March 17, 2016, *O'Sullivan v. Anderson*, CAEF16-07619. A review of this docket shows that the property at issue was sold on October 2,

1

2017 (Docket No. 62, CAEF 16-07619), that Circuit Court Judge Alves entered a Judgement of Possession on January 12, 2018 (Docket No. 83, CAEF16-07619), and that a Writ of Possession was issued on January 19, 2018 (Docket No. 91, CAEF16-07619). The sale has not yet been ratified. *See generally* Docket, CAEF16-07619.

On December 11, 2017, Ms. Anderson filed a Notice of Removal of CAEF13-33564. ECF No. 1. The Clerk docketed it as a removal case and issued a Standing Order Concerning Removal on December 14, 2017. ECF No. 8. Although the removal appears to have been properly served (Notice of Removal at 6; ECF No. 1), Plaintiffs never entered an appearance in the case.

On January 18, 2018, this Court issued a Memorandum Order directing the parties to submit information regarding their positions in the case. ECF No. 11. Specifically, the Court directed Plaintiffs to indicate whether they had been served with a copy of the Removal Notice and what response they had to the removal. *Id.* The Court also directed Defendant to identify what constitutional claims she is alleging that would establish federal jurisdiction, as it clear from her pleadings that there is no diversity of citizenship.[1] *Id*.

Plaintiffs did not respond to the Court's directive, but Ms. Anderson submitted numerous filings, including two "Judicial Notices of Adjudicative Fact" and two "Motions to be Heard." ECF Nos. 12-15. Ms. Anderson alleges, in essence, that Prince George's County Circuit Court Judge Alves violated the Constitution by declining to consider her constitutional challenges to

---

[1] There is sufficient evidence on the record to find that there is no diversity between the parties. First, the Certificate of Service provides that Ms. Anderson's address is 9801 Lanham Severn Road, #1093, Lanham, Maryland, 20703 and that Plaintiff trustees represent the law firm McCabe, Weisberg & Conway LLC located at 312 Marshall Avenue, Suite 800, Laurel, Maryland, 20707. ECF No. 1 at 6. Second, Ms. Anderson notes on her Civil Cover Sheet that both she and Plaintiffs are citizens of the State of Maryland or are incorporated in the State of Maryland. ECF No. 1-2. Finally, Ms. Anderson alleges in her Notice of Removal that she an "Unincorporated Religious Organization non-14th amendment citizen" and a "Maryland citizen for diversity of jurisdiction purposes." ECF No. 1 at ¶ 8.

Maryland's foreclosure laws ("all State of Maryland Statute [sic] and Special Laws used in case (CAEF16-07619)"). ECF No. 13. According to Ms. Anderson, Judge Alves was required to certify each of her constitutional challenges so that the Maryland Attorney General could intervene and present evidence that the challenged statutes are constitutional. ECF No. 15. Because Judge Alves did not do so, Ms. Anderson implies, she cannot "enter a final judgment" against Ms. Anderson. ECF No. 13.

"[B]ecause the lack of subject matter jurisdiction may be noticed by the district court *sua sponte* or by any party, the court may enter a remand order *sua sponte*." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008) (citations omitted). Plaintiffs have not filed a Motion to Remand or a Motion to Dismiss in this case; indeed, they have not entered any sort of appearance. However, what pleadings the Court does have demonstrate that it lacks subject matter jurisdiction, and it is entitled to remand this case on its own volition.

The two grounds on which a federal court has subject matter jurisdiction over a case are if the case concerns a question of federal law under 28 U.S.C. § 1331 or if there is diversity of citizenship under 28 U.S.C. § 1332. There is no diversity of citizenship here as required by § 1332, as both Plaintiffs and Defendant are from Maryland.

Nor is there a federal question at issue. A case is only properly removed from state court if the *plaintiff's* complaint establishes that the case arises under federal law. *Franchise Tax Bd of State of Cal. V. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 10 (1983). Ms. Anderson has not shown that Plaintiff trustees' foreclosure action against her contains any federal question for the Court to consider, and simply alleging that there may be constitutional issues does not overcome this deficiency. Furthermore, even if Ms. Anderson could establish federal jurisdiction as the defendant, she has not established that she has any

cognizable constitutional claims. The record shows that Ms. Anderson filed numerous motions and notices of judicial fact in CAEF16-07619, presumably to challenge the constitutionality of the Maryland foreclosure laws, and that both Judge Clarke and Judge Alves considered and denied those motions. The correct avenue for Ms. Anderson to dispute those rulings is through direct appeal to the Maryland State Court of Special Appeals, not by way of a collateral attack in federal court.

For the above reasons, the Notice of Removal (ECF No. 1) case is **STRICKEN** and the Clerk of the Court is directed to **CLOSE** this case.

A separate Order will issue.

/s/  
**PETER J. MESSITTE**  
**UNITED STATES DISTRICT JUDGE**

**March 1, 2018**